## JOHN H. HUTCHINS, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 5, 1903.

1. **Evidence: DECLARATION OF WIFE: CONTRADICTION OF WITNESS.** In a fire case the plaintiff was asked if his wife had not said in the presence of himself and others that the fire occurred in a certain manner. *Held*, the evidence was improper since a wife's declaration is incompetent against the husband, and could not be shown for the purpose of contradicting the witness.

2. ———: **WRITTEN STATEMENT OF WITNESS: CONTRADICTION.** The written statement of a witness as to the origin of a fire is incompetent except for the purpose of contradicting the witness, and the party can not complain of its refusal where he afterwards reads the statement as a part of the witness's testimony.

3. ———: ———: ———. Examining a witness on his written statement may be incompetent and is a matter within the discretion of the court since if the writing contradicts him it will appear upon its reading, and especially in this case is such examination improper where the questions had been answered before.

4. ———: **REFUSAL OF, IMMATERIAL.** Where the answer to a question can throw no light upon the issue on trial, it is properly refused.

5. **Damages: MEASURE OF: INSTRUCTION: REFINEMENT.** A criticism of an instruction relating to the measure of damages is *held* to be too refined for practical purposes.

6. **Trial and Appellate Practice: INSTRUCTION: COVERED IN OTHERS: ABSTRACT.** Though an instruction be unobjectionable in form, if it appears to have been covered by other instructions, it is not error to refuse it; and where it summarizes a vast array of facts and all the evidence does not appear in the abstract the appellate court can not review its refusal.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1) How a written and signed statement made by the plaintiff, with reference to the origin of the fire, could be incompetent or irrelevant or immaterial, is beyond our comprehension. Even telegrams, letters, etc., are admissible. Hammond v. Beeson, 112 Mo. 190; Hatten v. Randell, 48 Mo. App. 203; Rheinhart v. Grant, 24 Mo. App. 154; Warlick v. Peterson, 58 Mo. 408; State v. Turlington, 102 Mo. 642. (2) The court also erred in striking from the record plaintiff's evidence, as to whether his wife had stated to some women in his presence during the progress of the fire, that Kit Lewis had set the barn on fire with his pipe. If she did so state in his presence and he remained silent, it was an admission. Ruprecht v. O'Malley, 60 Mo. App. 204; State v. Miller, 49 Mo. 505; State ex rel. v. Flynn, 66 Mo. App. 373. (3) It was likewise error to refuse to allow counsel for appellant to read the written statement of witness W. B. Hamilton to him, inasmuch as he could not read and had affixed his signature by mark, in order to ask him if he had made the statement and affixed his mark to it. Appellant had no other way to get an answer from him, as to whether it was his statement or not. (4) And it was error to refuse to allow appellant to ask witness Savage as to statements made the day before he testified, with a view of contradicting his evidence upon the witness stand. Defendant was denied the right even to finish its questions to the witness, on the point. That this was error is elementary law. (5) The second instruction given for the plaintiff was erroneous and misleading. Glasgow v. Lindell's Heirs, 50 Mo. 60; Wells v. Zallee, 59 Mo. 509; Phister v. Gove, 48 Mo. 455. (6) It was error to refuse defendant's first instruction. Railway v. DeGraff, 2 Colo. App.

42; Railway v. Culers, 17 S. W. 19; Brown v. Railway, 19 So. Car. 39; Railway v. Keller, 36 Neb. 189; Railway v. Hart, 2 Tex. App. 370; Railway v. Morton, 3 Col. App. 155; Alexander v. Railway, 37 Mo. App. 609.

*Blackwell & Son* with *Alexander Graves* for respondent.

(1) The plaintiff was fully cross-examined (and without objection) upon his statement given to the agent of the appellant. After a full and exhaustive cross-examination on this statement the impression is sought to be made that the court ruled that this statement and the others, were incompetent, irrelevant and immaterial and that the defendant was not permitted to use them for any purpose. Hence the appellant having fully cross-examined plaintiff and having read in evidence the "statement" of plaintiff, has nothing to complain of and the authorities cited in point I of its brief are superfluous except Rheinhart v. Grant, 24 Mo. App. 154, which is in favor of respondent. 1 Greenleaf on Evidence (15 Ed.), sec. 463; Underhill on Evidence, sec. 350, p. 510. (2) Appellant's second ground of complaint is just as frivolous as the one already considered, and if anything is more unfairly presented. (3) The third point of appellant's brief complains that the trial court did not permit counsel to read to witness Hamilton the contents of his written statement. (4) We submit that the instruction is correct, and after reading what is said on this point in appellant's brief, it must be apparent that appellant is trifling with the court and adversary counsel. (5) A witness can not be contradicted or impeached by disproving his answers to irrelevant or immaterial questions or his statements concerning collateral facts elicited on cross examination. Brown v. Weldon, 27 Mo. App. 251; Gas Lt. Co. v. Ins. Co., 33 Mo. App. 348; McFadin v. Catron, 120 Mo. 252; State v. Rogers, 108 Mo. 202. (6) Every presumption will be made by the appellate court in favor of the action of the trial court in giving and refusing instructions.

McGowan v. Ore & Steel Co., 109 Mo. 518; Muehlhausen v. Railroad, 91 Mo. 332; State v. Jump, 90 Mo. 171; Keim v. Railway, 90 Mo. 314; State v. Elliott, 90 Mo. 350; Miller v. Railway, 90 Mo. 389; State v. Partlow, 90 Mo. 608; Phister v. Gove, 48 Mo. App. 455; Baker v. Railway, 52 Mo. App. 602; Wilkerson v. Eilers, 114 Mo. 245; Harrison v. White, 56 Mo. App. 175; Henson v. Railway, 34 Mo. App. 636.

BROADDUS, J.—Plaintiff's cause of action is based upon defendant's liability for damages he claims to have sustained in the loss of his barn and its contents alleged to have been destroyed by fire on December 5, 1900, said fire being caused by the emission of sparks from one of defendant's engines while being operated over its railroad.

It is admitted by appellant that there was evidence tending to prove plaintiff's case, but it is insisted that but for the errors of the court in rejecting competent evidence and a proper instruction offered by the defendant and the giving of an improper instruction and in admitting incompetent evidence on the part of the plaintiff, the verdict would have been for the defendant and not for the plaintiff.

The appellant's abstract is made up of detached parts of the evidence and while respondent has filed an additional abstract for the purpose of supplying certain defects in that of appellant, the record remains in an incomplete condition so far as the testimony is concerned. However, we gather from what is before us that on the night of the day in question, plaintiff's said barn with its contents were destroyed by fire; that appellant's east-bound passenger train passed the barn emitting sparks from its engine; and that in a short time thereafter the barn was discovered to be on fire in the roof on the side next to appellant's railroad tracks, some of the witnesses testifying that the time between the two events did not exceed twenty minutes, and others not more than five minutes.

The respondent while testifying was asked by ap-

pellant if during the progress of the fire his wife did not say to some other woman in the presence of respondent that Kit Lewis, a witness in the case, had set fire to the barn with his pipe to which the respondent answered, "No." The court upon motion of respondent struck the evidence from the record. The appellant claims that this was error as it operated to prevent the impeachment of respondent's evidence by showing by other witnesses that his wife did make the statement in his presence. The fault of the contention is that such a statement by the wife, if she made it, was not competent for any purpose. No statement made by the wife could be evidence of the origin of the fire as she was not a competent witness either for or against her husband, therefore, the action of the court in not permitting it to remain in the record was proper. For the same reason the action of the court in refusing to allow Mrs. Holland, a witness, to state what she heard respondent's wife say as to how the barn had been set on fire, is also affirmed.

One W. B. Hamilton, a witness for the respondent, it seems had made a written statement as to the origin of the fire which the appellant offered to read to the jury, but upon objection by respondent the court refused said offer. No good reason was presented or is seen for making such offer as it is not shown that it was for the purpose of contradicting said Hamilton; and certainly it was not evidence for any other purpose, therefore, the court was justified in sustaining the objection. But if this was not true, appellant has no cause for complaint inasmuch as the record shows that it was afterwards permitted to read this statement as a part of the evidence of said witness.

When the respondent was on the witness stand and while defendant's counsel was cross-examining him as to certain written statements made concerning the fire, the respondent objected on the ground that examining the witness on said written statement was incompetent, irrelevant and immaterial, which objection the court sustained. The respondent contends that this was not

error as appellant had already examined the witness at great length and that the statement itself was afterwards introduced by appellant as evidence. Practically speaking, if the appellant's object was to impeach the respondent, such object was attained when the writing itself was introduced and read to the jury, if it should appear that it was materially different from his testimony in the case.

It is customary to allow a party to a suit much liberty in the cross-examination of his adversary's witness; but it has always been held that the courts may exercise a sound discretion and confine such cross-examination within reasonable bounds, otherwise the practice in that respect might result in confusing and in annoying the witness and thereby tend to defeat the real purpose sought to be obtained—the truth. But the appellant could not have been injured by the ruling of the court for the reason that the question had already been answered, as will be seen by the following questions and answers in reference to the interview at the time the statement was written, viz.:

"Q. In that same interview while you were making this statement was you asked this question: 'How long had you been in bed?' [meaning just before the fire.] Did you answer 'Not over three or four minutes?' A. Well, I will say as I do now. I do not know how long I was in bed. I dozed off when the little colored girl called me. I do not know how many minutes I had been in bed. Q. That is another thing you do not recollect of saying, not over three or four minutes? A. I say just as I do now. I do not know how long it had been. I dozed off when the little colored girl called 'fire.' Q. I want you to answer my question. I asked you to answer my question—I asked you if you do not remember of saying at the time this interview was taken, when asked how long you had been in bed when the alarm of fire was given, you did not answer, 'Not over three or four minutes?' A. I do not remember answering that question. Q. Did you say it or not say it?"

There the objection was interposed and sustained. While the reason given for the objection may not have been a proper one, the action of the court in refusing to allow the question to be answered was justifiable for the witness had already made answer to it.

Albert Savage, a witness for respondent, when asked by the appellant where he was when the local freight went by the place where the fire occurred, stated that he was between the barn and the right of way, after which appellant started to propound a question as follows: "Did you not tell me this, and not longer ago than yesterday——."

Respondent objected because the question was "incompetent and immaterial," which objection the court sustained; and, we think, properly because an answer could throw no light upon the issue on trial, the uncontradicted evidence showing that the freight train did not pass until long after the barn in question had been on fire.

Appellant further contends that instruction number two, given for respondent, was erroneous. It is as follows: "If you find for the plaintiff you should assess his damages at such a sum as the evidence shows to have been the value of the property described in the petition and destroyed by said fire at the time and place of the fire not to exceed two thousand and five hundred dollars." It is claimed that this instruction "took from the jury all judgment on their part as to what the evidence showed the value of the property to have been." In other words, that the jury are commanded "to find for the plaintiff, not such sum *as they might believe* the value to have been *from* the evidence, but such sum as the evidence shows such value to have been, whether the jury *believed* such evidence or not." The appellant's criticism of said instruction is too refined for practical purposes. It is true, the jury must believe, but, at the same time, it must have evidence upon which to predicate its belief. It is the function of the jury in making up their verdict to give to each witness such credit as from all the circumstances he may be entitled

to, and to weigh the force and effect of his testimony. And there is nothing in the instruction that in any manner infringes upon the rights of the jury in that respect. Furthermore, the appellant's sixth instruction, given by the court, is subject to a similar objection, if it be an objection, for the jury are there told that "rights of the parties should and must be determined upon the evidence introduced in the case," etc., without any reference as to whether they believed it or not. It may be assumed as true, from the very nature of men, that no one of sound mind would act upon evidence that he did not believe to be true. Another objection is made to said instruction which we do not deem of sufficient importance to notice.

The appellant further complains that the court committed error in refusing to give instruction number one asked on its behalf. Said instruction seeks to call the attention of the jury to numerous facts which, if proved, should be considered by the jury in making their verdict. The form of the instruction seems to be unobjectionable, but as all the evidence at the trial, or even an abstract of it, is not before us, we can not undertake to say whether said instruction should have been given or not given. However, from the meager record before us, it does appear that every issue in the case was properly called to the attention of the jury in appellant's second and third instructions.

It therefore follows that the action of the court in refusing to give said instruction number one was not error, as it has been repeatedly held that a cause will not be reversed for the refusal to give a proper instruction if other instructions to the same effect were given.

Upon the whole case the verdict seems to have been for the right party.

Cause affirmed. All concur.